IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MIGUEL PELAYO and ISABEL PELAYO, | § § § | CV NO. 5:13-CV-1019 |
| Plaintiffs, | § § | |
| vs. | § § | |
| WELLS FARGO BANK, N.A. and MICHAEL MICHALAK, | § § § § | |
| _____ | § | |

ORDER DENYING PLAINTIFFS' MOTION TO ALTER OR AMEND THE
JUDGMENT

   Before the Court is a Motion to Alter or Amend Judgment filed by

Plaintiffs Miguel and Isabel Pelayo ("Plaintiffs") (Dkt. # 21).  For the reasons that

follow, the Court **DENIES** Plaintiffs' Motion to Alter or Amend Judgment.[1]

BACKGROUND

   On February 28, 2007, Plaintiffs obtained a loan in the amount of

$63,602.00 from Wells Fargo.  (Dkt. # 9, Ex. A.)  The loan was secured by a

mortgage on property located at 1743 Basse Road, San Antonio, TX, 78213 (the

"Property").  (Id.)  The same day, Plaintiffs executed a promissory note (the

---

[1] Pursuant to Local Rule 7(h), the Court finds this matter suitable for disposition
without a hearing.

"Note").  (Id.)  Plaintiffs also executed a Deed of Trust (the "Deed of Trust").
(Dkt. # 9, Ex. B.)

In May 2013, Plaintiffs began falling behind on their mortgage
payments.  ("Compl.," Dkt. #1, Ex. 5 ¶¶ 10, 17.)  Wells Fargo sent Plaintiffs a
notice of default on July 31, 2013, notifying them that they were in default in the
amount of $2,220.40.  (Dkt. # 9, Ex. C.)  The notice specifically provided: "[T]he
total amount required to cure the default under the note and deed of trust through
July 24, 2013 is $2,220.40 and the total amount required to pay off the debt
through July 24, 2013 is $61,435.53."

On August 9, 2013, Wells Fargo sent Plaintiffs a Notice of
Acceleration of Sale.  (Dkt. # 9, Ex. D.)  The notice stated that the maturity date of
the Note had been accelerated and all sums secured by the Deed of Trust had been
declared to be immediately due.  (Id.)  The notice also averred that the Property
was scheduled for a foreclosure sale on September 3, 2013.  (Id.)  Wells Fargo
recorded the Notice of Acceleration on August 12, 2013.  (Compl., Ex. C.)

On August 13, 2014, Wells Fargo sent Plaintiffs a letter informing
them that they had appointed a substitute trustee.  (Dkt. # 9, Ex. E.)  Wells Fargo
recorded the appointment of a substitute trustee on August 15, 2013.  (Compl., Ex.
D.)

On August 21, 2013, Plaintiffs contacted Wells Fargo and spoke with

a customer service representative, who they claim told them they could avoid foreclosure by paying the past due amount.  (Compl. ¶ 14.)  Plaintiffs began gathering the necessary funds and managed to amass $12,455.00.  (Id. ¶ 15.)  However, when Plaintiffs tried to tender $12,455.00 on September 2, 2013, Wells Fargo refused their payment.  (Id. ¶ 16.)  On September 3, 2013, the property was sold at a foreclosure auction.  (Id. ¶ 17.)

Plaintiffs filed their Complaint on October 1, 2013, in state court, alleging various causes of action against Wells Fargo and Michael Michalak, grantee (collectively, "Defendants").  Wells Fargo removed the action to federal court on November 7, 2013, invoking this Court's diversity jurisdiction (Dkt. # 1), and subsequently filed a Motion to Dismiss (Dkt. # 9).  On July 14, 2014, this Court granted the Wells Fargo's Motion to Dismiss, dismissing all of the claims alleged against Wells Fargo.  (Dkt. # 20.)

On August 8, 2014, Plaintiffs filed a Motion to Alter or Amend Judgment, contending that dismissal of their promissory estoppel claim was improper.  (Dkt. # 21.)  Wells Fargo filed a Response on August 18, 2014.  (Dkt. # 22.)

LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits a litigant to challenge the correctness of a judgment.  Three rationales can support a motion to alter or

amend under Rule 59(e): (1) the judgment exhibits either "a manifest error of law or fact"; (2) the litigant wishes to present newly discovered evidence; or (3) "there has been an intervening change in the controlling law."  Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 567 (5th Cir. 2003) (quoting Rosenzweig v. Azurix Corp., 332 F.3d 854, 863–64 (5th Cir. 2003)).  "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'"  Guy v. Crown Equip. Corp., 394 F.3d 320, 325 (5th Cir. 2004).  Accordingly, a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," and instead is an "extraordinary remedy that should be used sparingly."  Templet v. HydroChem Inc., 367 F.3d 476, 479 (5th Cir. 2004).

## DISCUSSION

Plaintiffs ask the Court to reconsider its Motion to Dismiss on the basis that their promissory estoppel claim survives because of an exception set forth in Nagle v. Nagle, 633 S.W.2d 796, 800–01 (Tex. 1982).  (Dkt. # 21 at 5–9.) Wells Fargo counters that Plaintiffs' argument merely rehashes legal theories previously rejected by this Court and rejected by the Fifth Circuit in prior case law. (Dkt. # 22 at 2–4.)

At the outset, the Court notes that this argument could have and should have been briefed in Plaintiffs' initial response to the Motion to Dismiss.

<u>Nagle</u> was decided in 1982; the exception set forth therein was well-established at the time the Court made its ruling.  Given that a Rule 59(e) motion is not the appropriate place to "rehash[] . . . arguments that could have been offered or raised before the entry of judgment," <u>Templet</u>, 367 F.3d t 479, the Court finds that denial of Plaintiffs' Motion is warranted.

Moreover, even if considered on the merits, Plaintiffs' argument nevertheless fails because it mischaracterizes the scope of the exception set forth in <u>Nagle</u>.  For reasons of equity, promissory estoppel can overcome the Statute of Fraud's writing requirements.  <u>Nagle</u>, 633 S.W.2d at 799.  While Plaintiffs are correct that the promissory estoppel exception to the Statute of Frauds applies only when necessary to "'prevent[] . . . an actual fraud as distinguished from a mere wrong,'" the exception does not stop there, as Plaintiffs contend.  <u>Id.</u> (quoting <u>Hooks v. Bridgewater</u>, 229 S.W. 1114, 1116 (1921)).

As this Court has already discussed in its previous order, the defendant must also have promised "'to sign a written agreement which itself complies with the Statue of Frauds.'"  <u>Id.</u> at 800 (quoting <u>Moore Burger, Inc. v. Phillips Petroleum Co.</u>, 492 S.W.2d 934, 940 (1972)).  Any alternative holding would "enforce[] an oral promise . . . despite the Statue of Frauds, merely because [one party] did not perform that promise."  <u>Id.</u> at 801.  "If [the court] allowed that holding to stand, the Statue of Frauds would become meaningless."  <u>Id.</u>

Plaintiffs have made no allegations that Wells Fargo promised to reduce the alleged agreement into writing.  The only promise that Plaintiffs have alleged is the Wells Fargo customer service representative's statement that the foreclosure would be postponed if Plaintiffs paid the past due amount.  Plaintiffs contend that the statement is in itself a promise to reduce the agreement to writing, since the modified loan "would be signed if Plaintiffs finished the foreclosure process," and since a finding otherwise would permit fraud on the part of Wells Fargo.  (Dkt. # 21 at 5.)  The argument is unavailing and clearly foreclosed by controlling authority.  See Martins v. BAC Home Loans Servicing, L.P., 722 F.3d 249, 256–57 (5th Cir. 2013) (holding that the defendant's oral promise that plaintiff's house would not be foreclosed on if he submitted an application through a particular program was insufficient to circumvent the Statute of Frauds because the plaintiff alleged only an oral agreement, "not a promise on the part of [the defendant or its agents] to sign an agreement validating the oral agreement that would satisfy the statute of frauds" (emphasis added)).

Accordingly, Plaintiffs' argument that the Nagle exception precludes dismissal of their promissory estoppel claim fails, and the Court finds no manifest error of law in its original judgment.  (See Dkt. # 20 ("Plaintiffs did not allege or introduce any evidence to demonstrate that Defendant ever intended to transcribe the oral agreement.").)

6

CONCLUSION

For the aforementioned reasons, the Court **DENIES** Plaintiffs'

Motion to Alter or Amend Judgment (Dkt. # 21).

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, January 8, 2015.

_____

David Alan Ezra
Senior United States Distict Judge